UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JASON REID LUNDHOLM,<br><br>Defendants. | Case No. 4:23-cr-00314-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Jason Reid Lundholm's motion to reconsider the denial of his motion to suppress (Dkt. 159). As set forth in the Court's Memorandum Decision and Order denying Mr. Lundholm's motion to suppress, Mr. Lundholm was arrested following law enforcement's search of a car in which he was a passenger. Dkt. 154. Law enforcement had reasonable suspicion to search the car and detain Mr. Lundholm based upon officers' knowledge from an ongoing drug investigation involving one of the passengers, that both houses the Camry stopped at were known drug houses, the evasive route the car took between the houses, and the passengers' nervous behavior during the traffic stop. *Id.* Because reasonable suspicion existed for the stop and the detention, suppression of the evidence found in the car and on Mr. Lundholm's phone was unwarranted. *Id.* Mr. Lundholm now

MEMORANDUM DECISION AND ORDER - 1

seeks reconsideration of that decision. The Court will deny the motion.

Reconsideration is appropriate where (1) the court is presented with newly discovered evidence, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *School Dist. No. 1J, Multnomah County v. ACand S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Mr. Lundholm does not identify one of these three grounds as the basis for reconsideration, instead, claiming that two cases summarily resolve the motion in his favor. As such, the Court will presume Mr. Lundholm seeks reconsideration based on clear error. "Clear error occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Despite Mr. Lundholm's claim to the contrary, neither case he cites summarily resolves his motion. Nonetheless, the Court will address each case in turn. First, Mr. Lundholm argues that his case is exactly like *United States v. Vaughan*, 718 F.2d 332 (9th Cir. 1983). In *Vaughan*, law enforcement stopped a car in which Vaughan was the backseat passenger. *Id.* at 333. Law enforcement had warrants for the arrest of the driver and other passenger. *Id.* When the car was stopped, Vaughan tried to leave the scene, but law enforcement ordered him back

**MEMORANDUM DECISION AND ORDER - 2**

to the car, handcuffed him, and searched his briefcase. *Id.* The Ninth Circuit upheld the district court's order granting the motion to suppress because law enforcement had no authority to arrest him or to search his briefcase. *Id.* at 336.

While Vaughan and Mr. Lundholm were both backseat passengers in a stopped car, that is where the similarities end. Unlike in *Vaughan*, the officers had reasonable suspicion to believe Mr. Lundholm was involved in drug activity. This reasonable suspicion was not based merely on his presence in a car with someone for whom police have a warrant to search or arrest, as was the case in *Vaughan*. Rather, reasonable suspicion was based on the conduct observed by officers on the day of the stop and knowledge from an ongoing investigation.[1] Moreover, Mr. Lundholm's analysis ignores the other holding in *Vaughan*. After finding law enforcement had no authority to arrest him, the Ninth Circuit concluded that law enforcement did have the authority to detain Vaughan while they searched the car. *Id.* at 334. This section is more relevant to the analysis of Mr. Lundholm's motion than the section Mr. Lundholm relies on. Law enforcement had the authority to detain him while they searched the Camry. *Vaughan* supports the conclusion that

---

[1] Mr. Lundholm's claims the only basis for reasonable suspicion was his presence in the car, however, the Court's Memorandum Decision and Order denying the motion to suppress addresses the basis for reasonable suspicion in detail. Dkt. 154 at 12–15. Given that Mr. Lundholm does not identify a clear error in that analysis, the Court will not repeat it here.

Mr. Lundholm was not free to leave while officers searched the car. *Id.* at 335 ("The officers were fully justified in preventing Vaughan from walking away."). After finding the methamphetamine in the Camry, law enforcement had probable cause to arrest Mr. Lundholm and to seize his phone. Accordingly, *Vaughan* does not summarily resolve the motion.

Second, Mr. Lundholm points to the Supreme Court's statement in *Ybarra v. Illinois*, 444 U.S. 85, 91 (1979), that "a person's mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause to search that person." Ybarra challenged the constitutionality of a search of his person conducted by law enforcement while they executed a search warrant for a tavern. *Id.* at 87–89. The Court held the search of Ybarra was unconstitutional because law enforcement did not have reasonable suspicion or probable cause to search him. *Id.* at 91–92. Again, this situation is not analogous to Mr. Lundholm's case because law enforcement had reasonable suspicion to detain the individuals in the Camry while they searched the car.[2] That reasonable

---

[2] Mr. Lundholm's reliance on *Ybarra* is misplaced. *Vaughan*, the other case cited by Mr. Lundholm, reconciles *Ybarra* with a later Supreme Court decision, *Michigan v. Summers*, 482 U.S. 692 (1981). *Summers* upheld the detention and search of an individual present at a house law enforcement had a search warrant for based upon nothing more than his presence. *Id.* at 694. (Continued)

**MEMORANDUM DECISION AND ORDER - 4**

suspicion was not based solely on his presence in the car with others suspected of criminal activity. After searching the Camry and finding the methamphetamine, law enforcement had probable cause to arrest Mr. Lundholm. Mr. Lundholm has failed to identify any clear error in the Court's decision to deny his motion to suppress. Accordingly, his motion for reconsideration is denied.

## ORDER

**IT IS ORDERED that** Defendant's Motion to Reconsider (Dkt. 159) is **DENIED**.

---

As the Ninth Circuit explained:

> The Supreme Court's opinion in *Ybarra*. . . suggests that the officer could not even detain Ybarra while they searched the bar in which he was present, absent sufficient cause to sustain a Terry stop and frisk. At first glance, the case seems to be at odds with the Court's opinion in *Summers*.
>
> These cases are not contradictory, however, for the relationship among patrons of a bar is quite different from the relationship among the occupants of a house or car. . . . One would anticipate the presence of strangers in a bar. By contrast, one would expect that persons in a house or car are there by invitation or consent. This logical presumption is enough to justify the detention in the house while the search is in progress to ascertain if, in fact, some connection exists between the suspects. Or, in the case at hand, to ascertain whether any evidence incriminating Vaughan in a passenger car with two persons for whom warrants had been issued gives reason briefly to detain him that was absent in *Ybarra* but present in *Summers*.

*Vaughan*, 718 F.2d at 335 n.6.

**MEMORANDUM DECISION AND ORDER - 5**

DATED: November 13, 2024

_____
B. Lynn Winmill
U.S. District Court Judge