UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JASON REID LUNDHOLM,<br><br>Defendant. | Case No. 4:23-cr-00314-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Jason Reid Lundholm's motion in limine (Dkt. 164). Mr. Lundholm is charged with one count of conspiracy to distribute methamphetamine and one count possession with intent to distribute. Mr. Lundholm now asks the Court to prohibit the introduction of certain text messages from his phone and declarations made by the defendant. For the reasons described below the Court will deny the motion.

## LEGAL STANDARD

"Motions in limine are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course of the consideration of lengthy and complex evidentiary issues." *United States v.*

**MEMORANDUM DECISION AND ORDER - 1**

*Tokash*, 282 F.3d 962, 968 (7th Cir. 2002). Still, though, a motion in limine should not be used to resolve factual disputes or weigh evidence. *C&E Servs., Inc., v. Ashland Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008). Rather, unless the proffered evidence is clearly inadmissible for any purpose, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context. Further, rulings on motions in limine are provisional and therefore are "not binding on the trial judge who may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

## ANALYSIS

Mr. Lundholm seeks to exclude text messages between him and other individuals pursuant to Rule 403 or as hearsay evidence. The Court will address each argument in turn.

### A.     Rule 403

The government plans to admit text messages between Mr. Lundholm and others to show he was involved in drug distribution. Mr. Lundholm requests that the Court prohibit the introduction of some of those text messages pursuant to Rule 403. More specifically, he argues messages sent or received prior to the alleged offenses or those that were made to individuals not charged in this matter should

not be introduced. Rule 403 provides that the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one of more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Civ. P. 403.

The government submitted two examples of the types of text messages it intends to admit and argues that the messages are directly relevant to Mr. Lundholm's intent to distribute controlled statements. The Court agrees that, at the high level presented to the Court, these text messages may be more probative than prejudicial. This is not to say that all of the text messages will be admitted, only that the Court will not categorically exclude the messages. Indeed, this type of Rule 403 determination is better suited for trial, when the Court can consider specific text messages in the context of the evidence presented. The government must lay a proper foundation that establishes these text messages are relevant before any text messages will be admitted. Accordingly, the motion is denied.

### B. Hearsay

Mr. Lundholm next seeks the exclusion of his declarations as hearsay. Hearsay is an out-of-court statement offered for the truth of the matter asserted. Fed. R. Evid. 801. Such evidence is only admissible if it meets one of the hearsay

**MEMORANDUM DECISION AND ORDER - 3**

exceptions or exclusions enumerated in Rules 801 and 803. Mr. Lundholm's statements are not hearsay pursuant to Federal Rule of Evidence 801(d)(2)(A). Rather, they are statements of a party opponent: the statement is offered against an opposing party, Mr. Lundholm, and the statements were made by Mr. Lundholm. *Id.* Such statements are not hearsay and need not be excluded. Accordingly, the Court will deny Mr. Lundholm's motion in limine.

## ORDER

**IT IS ORDERED that** Defendant's Motion in Limine (Dkt. 164) is **DENIED** without prejudice.

DATED: November 19, 2024

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 4**